**WO**                                                                                                                        JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 99-0142-PCT-RCB |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Calvin J. Nez, Jr., | ) | |
| Defendant. | ) | |

Pending before the Court are Defendant's Motion for Reconsideration (Doc. #194), Motion for Clerical Assistance (Doc. #195) and Motion for Sua Sponte Review of Judgment and Commitment (Doc. #196). The Court will deny Defendant's motions.

**I. Background**

On September 16, 1999, Defendant entered a plea of guilty to two counts of attempted robbery and one count of use of a firearm in a crime of violence. He was sentenced to concurrent terms of 80 months imprisonment on the attempted robbery counts and a consecutive 120 months on the firearms count. On September 21, 2000, the United States Court of Appeals for the Ninth Circuit dismissed Defendant's appeal, finding that Defendant had waived his right to appeal, that his plea was entered knowingly and voluntarily and that he had been sentenced in accordance with th terms of the plea agreement. United States v. Nez, No. 00-10029, 2000 WL 1364434 (9th Cir. Sep. 21, 2000) (unpublished memorandum).

On December 6, 2001, Defendant filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. On December 30, 2002, Defendant filed an amended § 2255 motion to vacate sentence. In his amended motion, Defendant claimed: (1) that his plea was not knowingly or voluntarily entered because of misrepresentations concerning the applicable sentence; and (2) his plea was not knowingly or voluntarily entered because of his counsel's misrepresentations about the availability of an appeal. On April 30, 2004, the Court found that Defendant's amended § 2255 motion was timely, but denied his claims on the merits. On October 1, 2004, the Ninth Circuit denied Defendant's request for a certificate of appealability and dismissed his appeal. United States v. Nez, No. 04-16667 (9th Cir. Oct. 1, 2004) (unpublished order).

On May 9, 2006, Defendant filed a Declaration in Support of Request to Proceed In Forma Pauperis, and on May 10, 2006, he filed Attachments in Support of Request to Proceed In Forma Pauperis. Defendant sought leave to proceed in forma pauperis so that he could obtain free copies of documents he claimed he needed in order to prepare a petition for post-conviction relief. On May 17, 2006, the Court denied both requests because Defendant did not have pending § 2255 proceedings. See United States v. MacCollom, 426 U.S. 317, 321 (1976) (28 U.S.C. § 735(f) does not authorize the district court to order payment for transcripts if the defendant has not yet filed a collateral attack on his conviction or sentence under § 2255).

In his Motion for Reconsideration, Defendant requests that the Court reverse the denial of his request for transcripts because he "intends at this time to render the sentencing court an opportunity to address potential errors pursuant to [the] Supreme Court's decision in Booker, 'sua sponte,' by way of a motion for 'sua sponte' review of sentencing judgment and commitment order, prior to filing further collateral attacks." (Mot. for Reconsideration at 3). As promised, Defendant also filed a Motion for Sua Sponte Review of Judgment and Commitment requesting that the Court reconsider his sentence in light of United States v. Booker, 125 S. Ct. 738 (2005). Both Motions will be denied because the Court is without jurisdiction to consider Defendant's successive collateral attacks upon his sentence.

## II. Discussion

Once a judgment of sentence has been entered, the district court lacks jurisdiction to review it except in narrow circumstances. See 18 U.S.C. § 3582(c); United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003). Defendant's Motion for Reconsideration and Motion for Sua Sponte Review do not raise any of the statutory exceptions provided in 18 U.S.C. § 3582. The only other basis for relief is a collateral attack pursuant to 28 U.S.C. § 2255. Defendant, however, does not seek relief under § 2255. In Castro v. United States, 540 U.S. 375 (2003), the Supreme Court held that a district court may not recharacterize a post-judgment motion as a § 2255 motion "*unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Castro, 540 U.S. at 377 (emphasis in original).

But even if the Court had provided Defendant with the Castro warning and an opportunity to amend, it would not recharacterize either his Motion for Reconsideration or his Motion for Sua Sponte Review as a motions brought under § 2255 because any such motions would be prohibited as second or successive in light of the April 30, 2004 denial of Defendant's first § 2255 motion on the merits. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255; see also Rule 9, Rules Governing § 2255 Proceedings (party must obtain authorization order before presenting a second or successive motion). Defendant's motions seeking resentencing under Booker have not been certified by the court of appeals. Accordingly, the Court will deny the motions without prejudice to allow Defendant to obtain proper certification from the Ninth Circuit Court of Appeals. The Court will also direct the Clerk of Court to provide Defendant a form for filing an Application for Leave to File Second or Successive Motion Under 28 U.S.C. § 2255.

In his Motion for Clerical Assistance, Defendant requests that the Court copy and serve his Motion for Reconsideration on the United States Attorney because he lacks the

1 ability to make copies. Because Defendant's Motion for Reconsideration will be denied for
2 lack of jurisdiction, his Motion for Clerical Assistance will be denied as moot.

3 **IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration
4 (Doc. #194) and Motion for Sua Sponte Review of Judgment and Commitment (Doc. #196)
5 are **denied** without prejudice and that Defendant's Motion for Clerical Assistance (Doc.
6 #195) is **denied** as moot.

7 **IT IS FURTHER ORDERED** that the Clerk of Court shall provide Defendant a form
8 for filing an Application for Leave to File Second or Successive Motion Under 28 U.S.C.
9 § 2255.

10 DATED this 6th day of September, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

17 Copies to Plaintiff, pro se, and counsel of record

- 4 -

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**APPLICATION FOR LEAVE TO FILE SECOND OR SUCCESSIVE**
**PETITION UNDER 28 U.S.C. § 2254 OR § 2255**

Docket Number _____ (to be provided by court)

Petitioner's name _____

Prisoner registration number _____

Address _____
_____
_____
_____

**Instructions - Read Carefully**

1. This application, whether handwritten or typewritten, must be legible and signed by the petitioner under penalty of perjury. An original and five (5) copies must be provided to the Clerk. The application must comply with 9th Circuit Rule 22-3, which is attached to this form.

2. All questions must be answered concisely and in relationship to the questioned asked on this form.

3. The petitioner **shall** serve a copy of this application and any attachments on respondent and must complete and file a proof of service with this application.

4. The petitioner **shall** attach to this application copies of the magistrate judge's report and recommendation and the district court's opinion in any prior federal habeas proceeding under 28 U.S.C. § 2254 or § 2255 or state why such documents are unavailable to petitioner.

_____
  This form has not been officially adopted by the Ninth Circuit Court of Appeals, but prisoners are encouraged to use this form to comply with Ninth Circuit Rule 22-3 pending the completion of official rule-making procedures. Questions should be directed to the Office of Staff Attorneys, Motions/Pro Se Unit, (415) 556-9890

**You Must Answer the Following Questions:**

1. What conviction(s) are you challenging?

   _____
   _____

2. In what court(s) were you convicted of these crime(s)?

   _____
   _____

3. What was the date of each of your conviction(s) and what is the length of each sentence?

   _____
   _____

**For questions (4) through (9), provide information separately for each of your previous section 2254 or 2255 proceedings. Use additional pages if necessary.**

4. With respect to **each** conviction and sentence, have you ever filed a petition or motion for habeas corpus relief in federal court under 28 U.S.C. § 2254 or § 2255?        Yes ☐        No ☐

   (a) In which federal district court did you file a petition or motion?
   _____

   (b) What was the docket number?   _____

   (c) On what date did you file the petition/motion?   _____

5. What grounds were raised in your previous habeas proceeding? (list all grounds and issues previously raised in that petition/motion)

   _____
   _____
   _____
   _____
   _____

6. Did the district court hold an evidentiary hearing?      Yes ☐      No ☐

2

7. How did the district court rule on your petition/motion?

    a.    District court **dismissed** petition/motion,
        if yes, on what grounds? _____

    ☐    District court **denied** petition/motion;

    ☐    District court **granted** relief;
        if yes, on what claims and what was the relief?
        _____

(attach copies of all reports and orders issued by the district court)

8. On what date did the district court decide your petition/motion?
_____

9. Did you file an appeal from that disposition?    Yes ☐    No ☐

    (a) What was the docket number of your appeal? _____

    (b) How did the court of appeals decide your appeal? _____

10. State concisely each and every ground or issue you wish to raise in your current petition or motion for habeas relief.  Summarize briefly the facts supporting each ground or issue.
_____
_____
_____
_____
_____
_____
_____
_____

11. For each ground raised, was it raised in the state courts?  If so, what did the state courts rule and when?

_____
_____
_____
_____

12. For each ground/issue raised, was this claim raised in any prior federal petition/motion? (list each ground separately)

_____
_____
_____
_____

13. For each ground/issue raised, does this claim rely on a new rule of constitutional law? (list each ground separately and give case name and citation for each new rule of law)

_____
_____
_____
_____
_____

14. For each ground/issue raised, does this claim rely on newly discovered evidence? What is the evidence?  Why has this newly discovered evidence not been previously available to you?  (list each ground separately)

_____
_____
_____
_____
_____
_____
_____

15. For each ground/issue raised, does the newly discovered evidence establish your innocence?  How?

revised 2/02                                      4

_____
_____
_____
_____

16. For each ground/issue raised, does the newly discovered evidence establish a federal constitutional error? Which provision of the Constitution was violated and how?
   _____
   _____
   _____
   _____

17. Provide any other basis for your motion not previously stated.
   _____
   _____
   _____
   _____

Signature: _____   Date: _____

**Proof of Service on Respondent MUST be Attached.**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
95 Seventh Street
San Francisco, CA 94103

## NINTH CIRCUIT RULE 22-3

**(a) Applications.**
Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or an application for leave to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals.

The application must:

> (1) include a copy of the second or successive 2254 petition or 2255 motion which the applicant seeks to file in the district court; and
>
> (2) state as to each claim presented whether it previously has been raised in any state or federal court and, if so, the name of the court and the date of the order disposing of such claim(s); and
>
> (3) state how the requirements of sections 2244(b) or 2255 have been satisfied.

**(b) Excerpts of Record.**
If reasonably available to the petitioner, the application must include copies of all relevant state court orders and decisions and all dispositive district court orders in prior federal proceedings. If excerpts of record filed by petitioner are incomplete, respondent may file a supplemental excerpt of record.

**(c) Service.**
The petitioner must serve a copy of the application and all attachments on the respondent, and must attach a certificate of service to the application filed with the court.

**(d) Response.**
In noncapital cases, no response is required unless ordered by the court. In capital cases where an execution date is scheduled and no stay is in place, respondent shall respond to the application and file supplemental excerpts as soon as practicable. Otherwise, in capital cases, respondent shall respond and file supplemental excerpts within ten days of the date the application is served.

**(e) Decision.**
The application will be determined by a three-judge panel. In capital cases where an execution date is scheduled and no stay is in place, the court will grant or deny the application, and state its reasons therefore, as soon as practicable.

**(f) Stays of Execution.**
If an execution date is scheduled and no stay is in place, any judge may, if necessary, enter a stay of execution, see Circuit Rule 22-2(e), but the question will be presented to the panel as soon as practicable. If the court grants leave to file a second or successive application, the court shall stay petitioner's execution pending disposition of the second or successive petition by the district court.